Stanek, Appellant, *v.* Pittsburgh.

Argued September 30, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Allan H. Cohen,* with him *Stanford A. Segal,* and *Gatz, Cohen, O'Brien & Maurizi,* for appellants.

*Frederick A. Boehm,* Assistant City Solicitor, with him *David Stahl,* City Solicitor, for appellees.

OPINION PER CURIAM, November 23, 1965:

Joseph E. Stanek, on behalf of himself and all other taxpayers of the City of Pittsburgh and Fraternal Order of Police, Fort Pitt Lodge No. 1, filed in the Court of Common Pleas of Allegheny County an action in equity praying that the City of Pittsburgh be enjoined from employing and paying salaries to women employed by the City as "meter maids" on the basis that these so-designated "meter maids" were appointed in violation of the Pennsylvania civil service laws. The court below sustained the defendants' preliminary objections which raised the question of the jurisdiction of the court of common pleas to hear and pass judgment on the complaint. The lower court held that the plaintiffs' exclusive remedy was by way of appeal from the Civil Service Commission to the *County Court* of Allegheny County. The plaintiffs then appealed to this Court. They contend that under the Civil Service Law they are not proper parties to take an appeal and, in addition, the statutory remedy would not be an adequate one. Therefore equity should entertain jurisdiction of their complaint.

The plaintiffs maintain that the Civil Service Commission has unlawfully created an exempt classification in violation of civil service laws. The Act of September 29, 1951, P. L. 1654, §1, 53 P.S. §604, provides that "all decisions of the civil service board or commission in any city shall be subject to appeal to the court of common pleas or the county court of the county in which the city is located." It is true that this provision is followed by the limitation that aggrieved em-

ployees must appeal within 30 days after the decision has been entered of record, but this does not mean that the right of appeal is restricted to aggrieved employees.

It is to be noted, in addition, that while this Act gives to both the county court and the court of common pleas jurisdiction in such appeals, the Act of May 5, 1911, P. L. 198, §6, as amended by the Act of July 6, 1951, P. L. 994, 17 P.S. §626(m) declares that the county court shall have jurisdiction "in all cases of appeal from the Civil Service Board or Commission of any city, borough or township, where appeals are provided for by existing law," and §6(n) of that Act further provides for *exclusive* jurisdiction in the County Court of Allegheny County in appeals from Civil Service Commission decisions.

The court below properly held, therefore, that the plaintiffs' remedy was by way of appeal from the action of Civil Service Commissioner to the County Court of Allegheny County and not by an action in equity.

Decree affirmed; costs to be divided equally between the parties.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent. The unnecessary and unreasonable preclusion of equity in the instant case is grounded, in my view, upon a strained and wholly erroneous construction of the Act of September 29, 1951, P. L. 1654, §1, 53 P.S. §604. The majority's disposition is based upon the view that the Act of September 29, 1951, supra, provides an adequate remedy at law and, therefore, deprives equity of jurisdiction. That Act has no application to suits such as that presently before this Court and, therefore, I must conclude that the majority has predicated its disposition on an erroneous premise.

The Act provides: "All decisions of the civil service board or commission in any city shall be subject to appeal to the court of common pleas or the county

court of the county in which the city is located. The appeal may be taken, by *any employe aggrieved thereby,* at any time within thirty days after the decision has been entered of record."[1] (Emphasis supplied.)

In light of the historic exercise of equitable jurisdiction in the case of a taxpayer challenging the expenditure of public funds by public officials,[2] I am not persuaded that the Legislature intended by that Act to preclude equity from acting in a taxpayer's suit arising out of the action of a civil service board. I am especially dubious when the majority purports to divine such an intent despite the Legislature's reference therein only to "aggrieved employe[s]".

A more reasonable construction of the Act of September 29, 1951, supra, would be that it was intended to provide standing to public *employes* to appeal certain administrative determinations which adversely affect them and that it has no application to one who claims standing as a *taxpayer* and who is outside the administrative process. To construe the Act as providing a remedy in the case of a taxpayer's suit, I believe, is offensive to the intent of the Act to provide judicial review of decisions arising out of quasi-judicial administrative determinations in which the party seeking review has participated. It has no application to a taxpayer's suit.[3]

In the recent case of *Chartiers Valley Jt. Schools v. Allegheny County Bd. of School Dir's,* 418 Pa. 520,

---

[1] Act of September 29, 1951, P. L. 1654, §1, 53 P.S. §604.

[2] Cf. *Bechak v. Corak,* 414 Pa. 522, 201 A. 2d 213 (1964) ; *Smith v. Gallagher,* 408 Pa. 551, 185 A. 2d 135 (1962) ; see also *Barlow v. Craig, City Controller,* 206 N.Y.S. 293 (1924).

[3] In the past, all cases appealed under this provision have involved aggrieved employes. See *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959) ; *Philadelphia Civil Service Comm'n. v. Cummings,* 376 Pa. 200, 101 A. 2d 702 (1954) ; *Philadelphia Civil Service Comm'n. v. Wilson,* 373 Pa. 583, 96 A. 2d 863 (1953) ; *Johnston Appeal,* 181 Pa. Superior Ct. 448, 124 A. 2d 652 (1956).

211 A. 2d 487 (1965), an argument similar to the one presently advanced was rejected by this Court. In that case a taxpayer brought an action in equity to enjoin enforcement of the School Reorganization Act, Act of August 8, 1963, P. L. 564, §1 et seq., 24 P.S. §2-202 et seq. (Supp. 1964). It was contended that equity jurisdiction did not lie because an adequate statutory remedy existed. The statute there involved provided that "any *school district* . . . aggrieved by a plan of organization . . . may appeal . . . within thirty (30) days . . . ." (Emphasis supplied.) We held that such language did not apply to *a taxpayer*. The standing provision in the instant case is analogous, and should not be construed to encompass a class larger than therein specifically provided. There is neither reason nor justification for straining the language of the Act to oust equity of a time-honored and rightful exercise of its jurisdiction in allowing the taxpayer an opportunity to test the validity of the acts of public officials.[4]

I find that no adequate remedy at law exists for the taxpayer in the instant case, and, therefore, would hold that equity jurisdiction has properly attached.

Mr. Chief Justice BELL and Mr. Justice O'BRIEN join in this dissenting opinion.

---

[4] See note 2, supra.