Hockaday *v.* Civil Service Commission, et al.

Argued February 9, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Mitchell A. Kramer,* for appellant.

*James M. Penny, Jr.,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 17, 1973:

This appeal came to us following an Order of the Court of Common Pleas of Philadelphia County affirming a decision of the Civil Service Commission which upheld the dismissal of appellant Hockaday for abandoning his work position.

The history of this case is detailed and a review of the prior proceedings is necessary in order to fully understand the issue now before this Court.

Appellant held the position of "laborer" in the Department of Streets of Philadelphia. He was also a delegate of the local union, elected at his employment station which was located at Seventh Street and Pattison Avenue.

On December 4, 1967, appellant was dismissed from City employment on a charge of falsifying proof in justification of payment of sick leave. He appealed to the Civil Service Commission and following a hearing, the Commission sustained him. The Commission's order provided that appellant be: "reinstated to his former position . . . without loss of the emoluments of his position for the period he was prevented from serving therein by the discipline imposed. . . ."

The City then filed two separate Petitions for Rehearing, both of which were denied. The City reinstated appellant and assigned him to Bartram Incinerator.

The appellant argued that his assignment to Bartram Incinerator rather than reassignment to the Seventh Street and Pattison Avenue location constituted a failure of the City to comply with the Commission's order to restore him "to his former position." On May 20, 1968, appellant filed with the Civil Service Commission a Petition for the enforcement of its order. Without considering the merits of appellant's argument, the Commission by a letter dated June 13,

1968, advised him that the Commission lacked jurisdiction. Following a meeting between his counsel and the Acting Personnel Officer of the Department of the Streets, appellant, on May 8, 1968, accepted the appointment to the new location "under protest."

At the same time, appellant, who was a candidate in the May 15th election for president of Sanitation Local 427 requested a leave of absence in order to campaign.[1] The leave was granted on May 9, 1968 to run until May 15, 1968 with the provision that appellant report for work on May 10th at the Bartram Incinerator for four hours.

Appellant failed to report for his required four hour shift on May 10th and he did not return to work on May 16th. The appellant did return to work on May 17th and explained that his absence on May 16th was due to physical exhaustion from the rigorous election campaign.

He was sent home on the 17th. Acting under the authority of Civil Service Regulation 22.01[2] the De-

---

[1] The appellant contended that he was denied City employment solely to prevent him from running for presidency of the Local. Appellant instituted an action in the United States District Court for the Eastern District of Pennsylvania against David M. Smallwood, individually and as Commissioner of Streets of the City of Philadelphia, union officers Charles Dade and Earl Stout, and the City of Philadelphia. Appellant sought an injunction which would prohibit the named defendants from interfering with his right to run for the office of presidency of the Local. On May 7, 1968 an agreement was reached wherein the appellant's name would be placed on the ballot. He lost the election.

[2] Regulation 22.01 reads: "No officer or employee in the civil service shall absent himself from duty without leave except in the case of sickness or great emergency.

An employee who is absent from the service without a valid leave of absence for five consecutive working days shall be deemed to have abandoned his position and to have resigned from the service unless he shall within a period of ten (10) calendar days next succeeding such five (5) days prove to the satisfaction of the Di-

partment found that the appellant, having failed to report for the designated four hour period on May 10th was absent without leave for five working days, May 10th, May 13th, 14th, 15th and 16th and so had abandoned his employment.

Pursuant to Civil Service Regulation 22.01, appellant requested and was granted a hearing by the Personnel Director of the City of Philadelphia, the designated Hearing Authority for matters arising under Regulation 22.01, and attempted to show that his absence under the circumstances was clearly excusable and that he did not abandon his position. The Director did not agree.

Appellant then filed a Mandamus action in Common Pleas Court of Philadelphia County seeking an order directing his reinstatement. President Judge JAMIESON held that all the administrative remedies had not been exhausted and that the Civil Service Commission was the appropriate initial forum for an appeal under Section 22.01 of the Civil Service Regulations. Judge JAMIESON ordered the Civil Service Commission to accept jurisdiction.

Accordingly, a hearing was held by the Commission and it refused reinstatement. An appeal then was taken to the Court of Common Pleas and Judge HIRSH also refused to reinstate the appellant.

Appellant now comes to this Court and proffers two contentions for our consideration: (1) that his initial transfer to Bartram Incinerator was invalid in that it was not a return to his "former position" as directed by the Commission and therefore any absence from this position cannot be considered an unexcused

---

rector that such failure was excusable; provided, however, that nothing herein contained shall be construed as preventing an appointing authority from suspending or discharging an employee on account of unauthorized absence."

absence; and (2) that he did not "abandon" his position within the meaning of Regulation 22.01.

We disagree with the appellant and affirm the lower court's refusal to reinstate him.

Prior to his initial dismissal for allegedly falsifying proof of absence records appellant was a "laborer" and his employment station was the yard at Seventh Street and Pattison Avenue. After the Commission reviewed this action by the City and found insufficient proof of appellant's guilt, it ordered him restored to his "former position." He was then assigned to work as a "laborer" at the Bartram Incinerator at 51st and Grays Ferry Avenue.

Clearly, the Commission had the power by the authority of Section 7-201 of the Philadelphia Home Rule Charter to restore the employee to his former position *or* to a position of equal status. Section 7-201 in pertinent part reads: ". . . [W]here the Commission sustains the appeal of the employee it shall order the reinstatement of the employee in his former position with or without loss of pay for the period of his suspension or direct that he be appointed to a position of equal status in the same office, department, board or commission. . . ."

Since the Commission chose the first alternative, the simple question is whether the City was required to assign appellant in a job position as a "laborer" at his original employment station.

We look to the following definitions in the Civil Service Regulations:

"2.34 *Position*—A group of duties and responsibilities assigned or delegated by competent authority, requiring the full or part-time employment of one person.

"2.07 *Class or Class of Positions*—one or more positions so nearly alike that the same descriptive title may be used to designate each of them, that the same quali-

fications are required for the performance of the duties pertaining to them, that the same examination may be used in selecting competent persons to fill them, and that the same pay range and wage schedule can be applied equitably to all employees in the class.

"2.08 *Class Specifaction*—A formal statment which is descriptive, but not restrictive, of a class, containing the title of the position, a general statement of the duties and responsibilities of, typical examples of the duties performed by, and the minimum acceptable employment requirements for employees therein.

"2.21 *Equivalent Position Change*—A reassignment of an employee from a position in one class to a position in a comparable class in the same salary range and having substantially the same minimum qualification requirements, skills, aptitudes or abilities."

It is clear to us that appellant's job classification was "laborer." From an examination of the definition of "Equivalent Position Change," it is obvious that the City did not reassign appellant from "a position in one class to a position in a comparable class." He was restored to a similar "group of duties and responsibilities" as those which he performed before he was dismissed. There is no reasonable way he can conclude that he must be assigned as a "laborer at Seventh and Pattison Avenue."[3]

Appellant's second contention is that he did not "abandon" his position. It is not disputed that the appellant failed to report to work on May 10th for four hours, the prerequisite to his five day leave of absence. Appellant stresses, however, that he did not *intend* to abandon his position. He did not report to

---

[3] The appellant suggests that if the City had transferred him to the Incinerator "in the normal course of events" he would have resorted to grievance procedures under the Union contract. We are not required to meet that issue.

work because he had a good faith belief that his reassignment was invalid, and he feared that in reporting to the Bartram Incinerator he would compromise his position on that issue.

This argument has no merit for two reasons. First, Civil Service Regulation 22.01 tells us that the *intent* of employee has no bearing on the determination of abandonment. The key factor is not the intention of the employee but whether he has a legitimate excuse for his absence.

Secondly, appellant concedes that he accepted appointment to Bartram Incinerator "under protest" in order to secure a leave of absence to campaign for the Union election. It appears then, if we follow his argument to its logical conclusion, that he accepted reinstatement for the purpose of running for union office but that he did not accept reinstatement for the purpose of working. He would have the best of all contingencies.

Finally, the appellant urges that the Commission erred in its determination that his excuse for his fifth day of absence (exhaustion from the campaign) was invalid.

The scope of review of this Court is limited to a determination of whether the constitutional rights of the appellant were violated by the Commission, or that the Commission manifestly abused its discretion or committed an error of law. cf. *Edwards v. Jersey Shore Area School District,* 7 Pa. Commonwealth Ct. 636, 301 A. 2d 116 (1973).

The Commission found that the four hours of work on May 10th at Bartram Incinerator agreed to by both parties was a condition precedent to his five day excused absence. The Commission also agreed with the conclusion reached by the City's Personnel Director

that appellant's "exhaustion" on May 16th was not a valid excuse for his failure to report for work.

These findings were based on substantial evidence on the record and cannot be disturbed.

Affirmed.