James M. Elko, James T. McDonough, Angelo A. Cileone, Vincent R. Talarico, James P. Yeager and Joseph F. Nugent, Appellants, *v.* Civil Service Commission, Philadelphia County, Appellee.

Argued October 10, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Daniel J. McAleer,* with him *Thomas F. McDevitt,* for appellants.

*James M. Penny, Jr.,* Assistant City Solicitor, with him *Raymond Kitty,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE KRAMER, December 6, 1974:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, dated March 17,

1972, affirming a decision of the Civil Service Commission of the City of Philadelphia (Commission) and dismissing an appeal therefrom. The appellants are all firemen employed by the City of Philadelphia.

This case arose from the alleged failure of these firemen to obey an order of the Fire Department regulating the wearing of sideburns, chin whiskers, mustaches and long hair.[1] The appellants were given a hearing before the Fire Board of Investigation on July 1, 1970, found guilty of "disobedience of orders," and suspended for ten days. The "Notice of Suspension" issued to each fireman also informed him that (1) he would be "reprimanded" and transferred to a new assignment; and, (2) he would be inspected for compliance with the appropriate regulations and dismissed if such compliance was not found at the end of the suspension period. Apparently the appellants are presently in compliance with the regulation and the instant case deals only with the validity of punishment already inflicted.

The appellants appealed to the Commission, and the record indicates an initial reluctance on the part of the Commission to entertain the appeal. The City Law Department rendered a preliminary opinion advising the Commission to take jurisdiction over the appeal, and the Commission did so. A hearing was held on February 25, 1971, and on March 17, 1971, the Commission issued its opinion, dismissing the appeal for lack of jurisdiction. The appellants then appealed to the Court of Common Pleas of Philadelphia County, which, on March 17, 1972, affirmed the Commission. Appeal to this Court followed.

---

[1] The order in question reads as follows: "Long sideburns no longer than approximate middle of ear and chin whiskers are not to be worn by uniform members of the Fire Department. Due to the most important need for air tightness of face masks, mustaches, if worn must be kept neat and trimmed. Hair growing on the neck is to be kept short and tapered."

It should be noted that at some point during the proceedings a civil rights action for injunctive relief was brought by the appellants against the Fire Commissioner in the United States District Court for the Eastern District of Pennsylvania, which action is apparently being stayed "pending the exhaustion of administrative remedies and judicial review provided for by the City Civil Service Regulations."[2]

The initial reluctance of the Commission to hear the appeal stemmed from Section 7-201 of the Philadelphia Home Rule Charter, which reads, in relevant part: "The Civil Service Commission shall hear and dispose of appeals as provided in this section. Any employee who is dismissed or demoted after completing his probationary period of service, or who is suspended for *more than ten days* in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the Commission for review thereof." (Emphasis added.) The instant appellants were not suspended for *more* than ten days, and the Commission based its March 17, 1971 decision solely on this jurisdictional ground. The Commission expressly declined any comment on the appellants' primary argument that the hair regulations violated their federal constitutional rights. The lower court, however, without taking further evidence, ruled "in the alternative" that (1) the Commission's legal conclusion on jurisdiction was correct: and (2) the merits of the case resolved themselves against the appellants.

Our scope of review in civil service appeals is controlled by Section 8 of the Local Agency Law, Act of December 2, 1968, P. L. 1133, *as amended*, 53 P.S. §11308(b), which reads, in pertinent part: "After hear-

---

[2] *James M. Elko et al. v. James J. McCarey and City of Philadelphia*, Civil Action No. 70-1840, United States District Court for the Eastern District of Pennsylvania, opinion staying action filed August 11, 1970.

ing, the court shall affirm *the adjudication* unless it shall find that *the same* is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of this act have been violated in the proceeding before the agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence." (Emphasis added.) *See Hockaday v. Civil Service Commission*, 9 Pa. Commonwealth Ct. 389, 396, 304 A. 2d 708, 712 (1973) and *Harrington v. Philadelphia Civil Service Commission*, 4 Pa. Commonwealth Ct. 580, 582-83, 287 A. 2d 912, 913-14 (1972).

For purposes of our review, we are thus restricted to considering whether, as a matter of law, the Commission was correct in declining jurisdiction of the appeal. The lower court was likewise bound to consider only this narrow question, since the review permitted by Section 8 of the Local Agency Law, 53 P.S. §11308 (b), only encompasses the *adjudication*, which, in this case, dealt solely with jurisdiction under the Philadelphia Home Rule Charter, and not with the merits of the controversy. The Commission made no determination of the merits, and there is, therefore, no ruling or finding to review regarding any alleged denial of constitutional rights.[3]

Viewed from this perspective, appellants' argument turns on the application of *Philadelphia Civil Service*

---

[3] The practical effect of an affirmance of the Commission's action is that appellants will be deemed to have no further administrative remedy. If, at this point, they feel their constitutional rights are infringed by the hair regulation, then they must refuse to comply (and be dismissed—which gives the Commission clear jurisdiction), or pursue a purely judicial remedy in the state or federal courts.

It should be noted that this Court, through Judge ROGERS, has addressed itself to the merits of a constitutional issue very similar to that raised by appellants in this case. *See Lattanzio v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 160, 309 A. 2d 459 (1973).

*Commission v. Cummings*, 376 Pa. 200, 101 A. 2d 702 (1954), to the instant case. In *Cummings* two Philadelphia firemen were involved in a vehicular accident while driving fire equipment. They were suspended for ten days. In addition to this suspension, they were ordered to work for 20 days without pay. Confronted with the same charter provision involved in the instant case, the Supreme Court said: "Although the 20 days' extra duty can not be literally construed as a suspension, the extended disciplinary penalty thus imposed being more punitive than a suspension, an appeal therefrom was undoubtedly available to the firemen." 376 Pa. at 203, 101 A. 2d at 704.

Appellants argue that because, in addition to the ten-day suspension, they were ordered to comply with the hair regulation or face discharge, they were subjected to an "additional penalty" and their case is thus appealable to the Commission under *Cummings, supra.*[4]

We do not see merit in this contention. The provision in the "Notice of Suspension" issued to each fireman which informed him that he would be discharged if he failed to comply was no more than a warning that a second infraction might subject him to additional discipline—a fact that can hardly be construed to constitute an "additional penalty." Indeed, we suspect that this portion of the notice could have been omitted altogether, and it would have made little difference in terms of conduct. Appellants seem to say that because another violation of the same order, or another order, may precipitate another disciplinary proceeding, appellants are being punished additionally for the original infraction. This is true only to the extent that the Fire Department may consider "second offenses" more serious

---

[4] Appellant's brief makes no reference to the portion of the "Notice of Suspension" which refers to a transfer to a new assignment. We assume that this discretionary action is not being questioned.

than "first offenses," and we are not prepared to say that the fact of a fireman's past disciplinary record cannot properly be considered when a punishment is being assessed for a current infraction.

The order of the Court of Common Pleas of Philadelphia County, dated March 17, 1972, is affirmed.