R. Dale RILEY, Director, Division of Classification & Treatment, Missouri Department of Corrections, Respondents,

v.

Ralph WHEAT, Appellant.

No. WD 47462.

Missouri Court of Appeals,
Western District.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Application to Transfer Denied
Oct. 26, 1993.

Ralph Wheat, pro se.

Rachel L. Townsend, Deputy Gen. Counsel, Missouri Dept. of Corrections, Jefferson City, for respondents.

Before TURNAGE, P.J., and
BRECKENRIDGE and SPINDEN, JJ.

TURNAGE, Presiding Judge.

Ralph Wheat filed a motion for contempt against the Director of The Division of Classification and Treatment of the Missouri Department of Corrections [1] for failure to comply with a judgment that he be reinstated to his former position as a Corrections Officer I with the Missouri Department of Corrections. The court denied the motion and Wheat appeals. Wheat contends the Division violated the court order by failing to reinstate him to his former position at his previous job location. Affirmed.

Wheat had been employed as a Corrections Officer I with the Missouri Department of Corrections since November 1986. He was dismissed in June 1989. Wheat appealed his dismissal to the Board which issued an order disapproving the dismissal and ordered that Wheat be reinstated to his "former position." Wheat was subsequently reinstated as a Corrections Officer I at the Missouri State Penitentiary (MSP) in Jefferson City. However, Wheat refused to report to work at the penitentiary claiming that he should have been able to return to his former assignment at the Fulton Reception and Diagnostic Center (FRDC) which apparently had no vacant positions available at the time of his reinstatement in October 1990.[2]

---

1. This action was originally brought against Myrna Trickey as Director of the Division of Classification and Treatment. However, R. Dale Riley is currently the Director of that Division.

2. Wheat subsequently appealed his dismissal from employment as a Corrections Officer I at the Missouri State Penitentiary to the Personnel Advisory Board. In February 1992, the Board interpreted its own order and found that al-

In August of 1991, Wheat filed a motion for contempt and request for declaratory judgment alleging that the Division acted in violation of the court's order. The motion was dismissed by the trial court for lack of jurisdiction and Wheat appealed to this court. This court reversed and remanded the case to the circuit court for further proceedings in *Division of Classification and Treatment v. Wheat*, 829 S.W.2d 581 (Mo. App.1992).

On remand, the trial court held an evidentiary hearing and subsequently issued an order denying Wheat's motion for contempt. In December 1992, Wheat filed a motion for rehearing or reconsideration of the evidence. The Division filed a motion to strike Wheat's motion for rehearing which was sustained. Wheat now appeals the trial court's order denying his motion for contempt.

Wheat contends the trial court erred in denying his motion for contempt alleging that his reinstatement as a Corrections Officer I at the MSP rather than at the FRDC location constituted a failure of the Division to comply with the court's order to reinstate him to his "former position." The issue before this court is whether the language of the trial court's order requiring that Wheat be reinstated to "his former position" entitles him to be reinstated as a Corrections Officer I at FRDC.

The trial court's order affirming the Board's decision states in pertinent part:

> It is therefore ORDERED, ADJUDGED and DECREED that the Personnel Advisory Board Decision dated November 3, 1989, is affirmed in all respects and [the Division] is ordered to reinstate [Ralph Wheat] to his former position and to pay [Wheat] such salary as he has lost by reason of his dismissal.

On October 16, 1990, the Director of the Division sent a letter to Wheat notifying him that pursuant to the trial court's order he would be reinstated to his former position as a Corrections Officer I with the Missouri Department of Corrections and would receive compensation for lost wages. Riley also informed Wheat that because there were no vacant positions available at the FRDC location, it would be necessary to modify his assignment to the MSP and that he should report for work on October 22, 1990.[3]

Although Wheat claims that the court-ordered reinstatement to his former position meant that he should be returned to his previous job location at the FRDC, the order does not specify such nor mention the FRDC. The language of the court order stating that Wheat must be "reinstated to his former position" is derived from § 36.390.5 RSMo 1986, which states, in pertinent part, that:

> Any regular employee who is dismissed or involuntarily demoted for cause ... may appeal in writing to the board within thirty days.... After the hearing and consideration of the evidence for and against a dismissal, the board shall approve or disapprove such action and may make any one of the following appropriate orders:
>
> (1) Order the reinstatement of the employee to his former position and the payment to the employee of part or all of such salary as has been lost by reason of such dismissal.

Since the order upheld by the circuit court was originally the decision of the State Personnel Advisory Board, it is appropriate to consider state regulation 1 CSR 20–1.020 which defines specific terms utilized by the Board:

> "Position"
>
> Position means the fundamental unit of classification and allocation comprised of a set of current duties and responsibilities, assigned or delegated by competent authority;

1 CSR 20–1.020(1)(A)32.

> "Class or class of positions"
>
> Class or class of positions means a group of positions subject to the law sufficient-

---

though Wheat had been reassigned to another job location, the Division was in full compliance with the order to reinstate Wheat to his "former position." Wheat did not appeal from that decision.

**3.** Wheat was later dismissed for failing to appear for work at the MSP.

ly alike in duties, authority and responsibility to justify the same class title and qualifications and the same schedule of pay to all positions in the group;

1 CSR 20–1.020(1)(A)7.

"Reinstatement"

Reinstatement means an action which returns an employee to a class in which the employee held regular status in one (1) of the following circumstances: appointment from a reinstatement register, ordered reinstatement or reinstatement to former or comparable class during promotional probationary period.

1 CSR 20–1.020(1)(A)55.

It is clear from the plain language of the definitions set forth in the above regulations that an employee may be reinstated to a former "class or class of positions" with the same title, qualifications and pay schedule. The Board's order requiring that Wheat be reinstated to his "former position" would entitle him to be restored to his former job class with the same title, qualifications, duties, responsibilities and pay rate. Wheat does not contend that he was not reinstated to his former position as a Corrections Officer I with the Missouri Department of Corrections. He only faults the Division for failing to return him to FRDC.

Although this particular issue has not been addressed previously by Missouri courts, it has been examined by other jurisdictions. *Hockaday v. Civil Service Comm'n,* 9 Pa. Cmwlth. 389, 304 A.2d 708 (1973), involved a wrongfully dismissed employee who had been reinstated to his former position with the Department of Streets for the City of Philadelphia pursuant to an order of the Civil Service Commission. Although the city reinstated the employee to his "former position" as a laborer, the employee argued that the city had violated the Commission's order by failing to return him to his previous job location. *Id.* 304 A.2d at 710. The court held that the employee had effectively been reinstated to his former position as a laborer and the city was not additionally required to assign him to his previous job location. *Id.* at 712.

In the present case, the Division complied with the order of reinstatement when it reinstated Wheat to his former position as a Corrections Officer I with the Missouri Department of Corrections. The Division was not required to assign him to FRDC to comply with the order of reinstatement—it was required only to restore him to his former position as a Corrections Officer I with the same status, pay and responsibilities. The court correctly found the Division was not in contempt.

The judgment is affirmed.

All concur.