City of Philadelphia, Appellant, *v.* Richard E. Murphy, Appellee.

Argued April 4, 1974, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solici-

tor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE KRAMER, May 29, 1974:

This is an appeal by the City of Philadelphia (appellant) from an order of the Court of Common Pleas of Philadelphia County sustaining the appeal of Richard E. Murphy (claimant-appellee) from an order of the Philadelphia Civil Service Commission (Commission) denying claimant-appellee benefits under Regulation 32 of the Commission.[1]

On January 30, 1971, claimant-appellee fell and injured his neck and back. The Chief of the Municipal Dispensary determined that claimant-appellee was permanently and partially disabled. Thereafter, claimant-appellee applied for Regulation 32 benefits which were denied by the Police Commissioner who determined that claimant-appellee's disability was not service connected. Claimant-appellee appealed to the Commission which found that his disability was not service connected due to "the underlying congenital nature of [claimant-appellee's] disability. . . ." Claimant-appellee then appealed to the Court of Common Pleas which reversed the Commission and sustained his appeal.

---

[1] This is one of a package of 16 appeals from the Court of Common Pleas of Philadelphia. All 16 cases are concerned with City of Philadelphia policemen, the Philadelphia Civil Service Commission, and Regulation 32 of the Philadelphia Civil Service Commission. Questions concerning the general procedural and substantive law to be applied in all 16 cases were dealt with in *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). Our holdings in *Hays* on such general matters are equally applicable here.

The lower court concluded that the Commission had committed a reversible error of law when it determined that an asymptomatic pre-existing condition precluded the award of Regulation 32 benefits—even though claimant-appellee suffered an on-duty accident which "triggered" the latent condition into a symptomatic disability.

In its brief, appellant argues that the court below erred when it stated that the burden of establishing benefits under Regulation 32 could be met by the "aggravation of a pre-existing latent physical weakness. In fact, the Civil Service Commission has continually rejected such claims." Appellant further argues that the lower court erred in assuming that the burden for showing an accident in this area would be the same under Workmen's Compensation and Regulation 32. Appellant urges that the broader and more encompassing benefits provided under Regulation 32 (as opposed to Workmen's Compensation) allows it to establish a stricter test of causation.

In *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974), we held "that the principles of law laid down by the courts in interpreting the Workmen's Compensation Act are applicable in the interpretation of similar provisions in Regulation 32." It is equally clear that save for the "unusual pathological result doctrine," Workmen's Compensation cases allow for benefits if an accident causes disability by aggravating an asymptomatic pre-existing condition. *See City of Philadelphia v. Gaudreau*, 13 Pa. Commonwealth Ct. 584, 320 A. 2d 424 (1974).

Therefore, we affirm the order of the lower court.