City of Philadelphia, Appellant, *v.* John F. Gaudreau, Appellee.

Argued April 4, 1974, before Judges KRAMER, WIL-KINSON, JR., and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE WILKINSON, May 29, 1974:

Claimant-appellee, a 46-year old policeman with 17 years of service with the City of Philadelphia, appellant, was injured on January 12, 1970, while on duty. Claimant-appellee slipped on an icy surface, injuring his lower back. He performed his normal duties for a month and a half and limited duties for fifteen months thereafter.

An administrative conference before the Police Department's Safety Officer was held on August 4, 1971,

and subsequently it was determined that claimant-appellee's disability was non-service connected. This determination was adopted by the Police Commissioner on October 26, 1971, and an appeal was taken to the Philadelphia Civil Service Commission. Two hearings were held—on January 11, 1972, the parties agreed to introduce the record of the administrative conference, and on February 22, 1972, the Commission heard the testimony of claimant-appellee's witness, Dr. Stein, an orthopedic surgeon. The Commission denied the appeal, determining that claimant-appellee's disability was not service connected. An appeal was taken to the Court of Common Pleas which reversed the Commission's order upon finding that there was no medical testimony to rebut Dr. Stein's testimony. This appeal followed.

As noted in appellant's brief, "the sole question presented to the Commission was one of causation, whether the latent condition itself [i.e., claimant-appellee's 'degenerative joint disease'] was a disabling agent or whether the on-duty experience perpetuated or aggravated the condition so that it became disabling." The Commission had before it the medical diagnoses of Dr. Lawlor and Dr. Ralston, both of whom diagnosed claimant-appellee's condition as "degenerative joint disease." Such diagnoses, however, merely describe a condition and do not address themselves to the issue of whether the accident of January 12, 1970, caused claimant-appellee's disability.

The only evidence addressed to the issue of causation was the testimony of Dr. Stein who acknowledged the degenerative aspect involved but asserted that when claimant-appellee fell, "this pre-existing condition [i.e., 'degenerative joint disease'] which was asymptomatic[1]

---

[1] Defined in the Attorney's Dictionary of Medicine, J. E. Schmidt (Matthew Bender, 1971) as "showing no symptoms; pro-

was converted into a condition which is now symptomatic and this is a very, very common phenomenom in orthopedic surgery." This clearly established a causal connection between the injury and the disability. Dr. Stein's testimony that the injury converted an asymptomatic condition into a symptomatic condition was uncontradicted.

This case does not involve, as appellant argues, questions of credibility. Those, of course, are questions for the fact finder, i.e., the Commission. The testimony of Dr. Stein was reviewed by the Commission which found that Dr. Stein, after acknowledging the degenerative aspects involved, had "asserted this condition was not disabling until it was aggravated by the accident of January 12, 1970." This was the only testimony concerning causation. The Commission's conclusion of non-service connection is inconsistent with its own finding and, therefore, constitutes reversible error.

The lower court accurately summarized the crux of this case when it stated: "Here, there was no evidence at all, let alone substantive evidence, that the degeneration, *by itself,* caused the disability. To put it conversely, there is no medical testimony to rebut Dr. Stein's findings." (Emphasis in original.)

Of course, the burden of establishing, by sufficient unequivocal medical evidence, the causal connection between the injury of January 12, 1970, and the present disability is clearly upon the claimant-appellee. *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). Here, the claimant-appellee, by the testimony of Dr. Stein which was uncontradicted and was reviewed and accepted by the Commission, has met that burden.

---

ducing no symptoms; used especially to describe certain diseases or certain stages of some diseases which are not accompanied by discernible symptoms, as early tuberculosis."

Accordingly, the appeal of the City of Philadelphia is dismissed and the decision of the lower court, reversing the order of the Civil Service Commission of Philadelphia and sustaining the claimant-appellee's appeal, is affirmed.