## City of Philadelphia, Appellant, v. Fred C. Haeberle, Appellee.

Argued April 4, 1974, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE WILKINSON, May 29, 1974:

Claimant-appellee, a 67-year old policeman, suffered injuries to his groin and right shoulder while on duty on May 20, 1970. He has not resumed active duty and on May 26, 1971, an administrative conference was held at which time the Police Department's Safety Officer considered the medical reports of several doctors. The Safety Officer found no causal relationship between the injuries and claimant-appellee's disability. On July 30, 1971, the Police Commissioner determined that the disability was not service connected and an appeal was taken to the Philadelphia Civil Service Commission.

After a hearing, the Commission, on January 14, 1972, found that "While there is no question that [claimant-appellee's] inability to work for a period of time following the accident is service-connected, it seems equally clear that his present disability is the result of degenerative changes rather than the accident or subsequent treatment." An appeal was taken to the Common Pleas Court of Philadelphia which, in a very

short opinion, sustained claimant-appellee's appeal, noting that the Commission's finding was a non-sequitur and that there was no substantial evidence to support it. This appeal followed.

The sole issue is whether there was substantial evidence to support the Commission's finding that the present disability is not the result of the accident of May 20, 1970, or subsequent treatment.

The only evidence presented by the claimant-appellee as to causation was the medical report of Dr. Stein, an orthopedist, who diagnosed claimant-appellee's condition as "cervical discogenic damage C-4, C-5, C-6." This report did not discuss the causation of this condition in terms of either the accident of May 20, 1970, or "degenerative joint disease."[1] Instead, Dr. Stein's report attributed the condition to another source: "When he was down at the Philadelphia General Hospital, he was getting treatments to the shoulder. They were, also, giving him some stretching treatments of his neck. *Apparently,* during one of the treatments, the equipment or something slipped and he had a severe pain in his neck going down the dorsal spine area." (Emphasis added.) The Civil Service Commission considered this theory of causation and rejected it. In fact, the Commission reviewed the clinical notes from the Philadelphia General Hospital and could find no reference to the "incident" described by Dr. Stein. Furthermore, a review of the testimony before the Commission and before the Safety Officer reveals no mention of the "incident."

Claimant-appellee claims that the Commission has continually rejected claims based on "aggravation of a

---

[1] The Philadelphia General Hospital's orthopedic consultant, Dr. Ralston, had diagnosed the claimant-appellee's condition as "moderately extensive degenerative jt. disease lumbar spine, cervical spine."

pre-existing latent physical weakness." Although this may be true, the burden of proof is on the claimant-appellee to show that the injury involved caused the disability. *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). *Patterson v. Philadelphia Dairy Products Company,* 177 Pa. Superior Ct. 195, 110 A. 2d 797 (1955). The only theory of causation presented by claimant-appellee in this case was properly considered and rejected by the Commission.

The report of Dr. Stein was mere conjecture and in direct contrast to his clear and unequivocal testimony as to causation in *City of Philadelphia v. Gaudreau,* 13 Pa. Commonwealth Ct. 584, 320 A. 2d 424 (1974). Inasmuch as the claimant-appellee has failed to meet his burden of proof, the Commission's finding that the claimant-appellee's present disability was not caused by the accident or subsequent treatment is not a non-sequitur; rather, it is supported by substantial evidence.

Accordingly, the order of the lower court is reversed, and the decision of the Civil Service Commission of Philadelphia is reinstated.