City of Philadelphia, Appellant, *v.* Louis A. Piccirilli, Appellee.

Argued April 4, 1974, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE WILKINSON, May 29, 1974:

Claimant-appellee, a 26-year old policeman for the City of Philadelphia, sustained a back injury on August 3, 1969, as the result of an on-duty automobile accident. Since September 17, 1970, he has not been on active duty.

After a hearing, the Police Department's Safety Officer recommended denial of benefits and on November 9, 1970, the Police Commissioner determined that claimant-appellee's disability was not service connected. An appeal followed and after a hearing, the Philadelphia Civil Service Commission determined that claimant-appellee "is fully recovered from the back injury of August 3, 1969, but is disabled due to congenital spondylolisthesis."[1] The Commission further found that the claimant-appellee "has not demonstrated by

---

[1] The Attorney's Dictionary of Medicine, J. E. Schmidt (Matthew Bender, 1971), defines spondylolisthesis as: "A forward displacement or slipping of one of the bony segments of the spine (i.e., of a vertebra) over its fellow below, but usually the slipping of the fifth or last lumbar (loin) vertebra over the body of the sacrum."

a fair preponderance of the evidence that the accident of August 3, 1969 caused [claimant-appellee's] congenital spondylolisthesis to be disabling." An appeal followed and the Common Pleas Court of Philadelphia remanded the case "for further medical testimony, directed to the exclusive issue of whether the injury itself triggered the latent spondylolisthesis to such an extent that it became disabling." This appeal followed.

Initially we note that the order of the lower court remanding this case is ordinarily interlocutory and an appeal therefrom is usually premature. *See Thatch v. Superior Zinc Company*, 4 Pa. Commonwealth Ct. 550, 288 A.2d 564 (1972). As noted, however, in *Williams v. Bonair Foundry Company*, 215 Pa. Superior Ct. 357, 362, 257 A.2d 69, 71 (1969), an appeal is proper and not premature if "the lower court is without authority to . . . grant a rehearing of the matter because some testimony which could have been produced by the claimant was not." *See Fesh v. American Steel & Wire Division, United States Steel Corporation*, 4 Pa. Commonwealth Ct. 84, 286 A.2d 10 (1972).

The only medical evidence presented to the Commission were the reports of Dr. Cottrell and Dr. Klinghoffer. Dr. Cottrell diagnosed claimant-appellee's condition as spondylolisthesis but did not discuss the causal connection between claimant-appellee's injury and his present disability. Dr. Klinghoffer's report, however, *did discuss causation*: "This man sustained an acute low back strain that was superimposed upon a congenitally unstable lumbosacral joint by virtue of a spondylolysis associated with a spondylolisthesis of L-5 on S-1. Although he has recovered from the acuteness of his back injury, his underlying congenital anomaly is perpetuating some back symptoms secondary to his injury." This report certainly supports the Com-

mission's finding that there has been a full recovery from the back injury of August 3, 1969.

The only issue remaining, as noted by the lower court, is whether the claimant-appellee is disabled because the injury of August 3, 1969, triggered the congenital spondylolisthesis. Dr. Klinghoffer's report does not resolve the issue; the phrase, "his underlying congenital anomaly is perpetuating some back symptoms secondary to his injury," does not address itself to the question. In fact, there is no evidence in the record which would establish a causal connection between the injury and the disabling nature of claimant-appellee's congenital spondylolisthesis. The Commission, in its decision of March 26, 1971, was certainly justified in concluding that claimant-appellee had "not demonstrated by a fair preponderance of the evidence that the accident of August 3, 1969, caused [claimant-appellee's] congenital spondylolisthesis to be disabling." In fact, the Commission, on the basis of the record, could have arrived at no other conclusion.

We must emphasize that the burden of proof in this type of case is upon the claimant. *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). Claimant-appellee could have tried to prove that the injury of August 3, 1969, caused his present disability by showing a direct causal connection; Dr. Kringhoffer's report indicates no such causal connection. Claimant-appellee could also have tried to show, by clear and unequivocal medical testimony, that the injury caused his asymptomatic congenital condition to become symptomatic as was done, successfully, in *City of Philadelphia v. Gaudreau,* 13 Pa. Commonwealth Ct. 584, 320 A. 2d 424 (1974). No such attempt was made.

The lower court's order, remanding this case for further medical testimony, was not made because the Commission capriciously disregarded competent evi-

dence or because there was ambiguous testimony in the record. The following language by Judge, now President Judge WATKINS, in *Williams v. Bonair Foundry Company, supra,* at 363, 257 A.2d at 72, a Workmen's Compensation case, seems particularly appropriate: "The court below admits that under the record the claimant has failed to sustain his burden but in effect is saying call more medical testimony so that the record may be expanded by a witness who was available and not called in the first place and concerning whose testimony we can only speculate. If this order is upheld then every case where a claimant fails to sustain his burden of proof the court may order the taking of additional testimony outside the record so that the claim may possibly be sustained or in the vernacular give the claimant another bite of the cherry."

Accordingly, the decision of the lower court, remanding this case for further medical testimony, is reversed and the decision of the Civil Service Commission of Philadelphia is reinstated.