City of Philadelphia, Appellant, *v.* James R. Curtis, Appellee.

Argued April 4, 1974, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE KRAMER, filed May 29, 1974:

James R. Curtis (claimant-appellee) is 48 years old and a former policeman for the City of Philadelphia (appellant).[1]  On June 1, 1970, claimant-appellee injured his back while lifting a box of forms; he was on duty at the time.  Claimant-appellee had sustained a prior on-duty injury to his back in 1958 which led to a disabling occurrence in 1965.  After the June 1, 1970 injury, claimant-appellee filed a claim for temporary disability under Regulation 32 of the Philadelphia Civil Service Commission (Commission).  This claim

---

[1] This is one of a package of 16 appeals from the Court of Common Pleas of Philadelphia County.  All 16 cases are concerned with City of Philadelphia policemen, the Philadelphia Civil Service Commission, and Regulation 32 of the Philadelphia Civil Service Commission.  Questions concerning the general procedural and substantive law to be applied in all 16 cases were dealt with in *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (No. 897 C.D. 1973, filed May 29, 1974).  Our holdings in *Hays* on such general matters are equally applicable here.

subsequently merged into the permanent and partial disability claim currently before us.

Three administrative conferences were held before the police department's Safety Officer. The Safety Officer's recommendation concluded that claimant-appellee was suffering from a permanent and partial disability diagnosed as osteoarthritis of the lumbar spine which was not service connected. The Police Commissioner adopted this recommendation and denied the claim. Thereafter, claimant-appellee appealed to the Commission. In its adjudication, which denied claimant-appellee's appeal, the Commission found that: "Appellant submitted the opinion of Seymour Schlomchik, M.D., an orthopedic surgeon, who diagnosed appellant's condition as a chronic sprain of the lower back. However, at the hearing before us appellant never alleged or suggested in any way that his disabling condition was anything other than osteoarthritis of the lumbar spine.

"We have carefully reviewed the entire matter and, while we sympathize with appellant, we find it impossible to conclude, on the basis of the record before us, that appellant has proven the service-connection of the disability by a fair preponderance of the evidence."

Claimant-appellee then appealed to the Court of Common Pleas of Philadelphia County which remanded the case to the Commission. The lower court's remand directed the Commission to reconsider its legal conclusion in light of the fact that the medical report of claimant-appellee's doctor, "expressed [Dr. Schlomchik's] opinion that the 'original injury (1958) is basically responsible for his present condition.' As the opinion of an orthopedic surgeon, this was entitled to great weight." The City of Philadelphia has appealed to this Court from the lower court's order.

Initially, we must note that with limited exceptions, the general rule of law provides that an order of the

610

lower court remanding a case to the Commission is interlocutory. *See City of Philadelphia v. Murphy*, 13 Pa. Commonwealth Ct. 630, 320 A. 2d 411 (898 C.D. 1973 filed May 29, 1974). A review of the record in this case permits us to conclude that the lower court's order was not so clearly erroneous so as to warrant making an exception to the general rule. As a result, we need not reach the substantive merits of this case, nor determine the propriety of the remand.

In addition, however, it should be noted that while the Commission need not make enumerated findings of fact, its findings should be clear, consistent, and cover all material issues of fact. Hopefully, the Commission's next adjudication will contain more extensive and less ambiguous findings.

The order of the lower court is affirmed and the record remanded to the Civil Service Commission of Philadelphia.