City of Philadelphia, Appellant, *v.* Clifford O. Waiters, Appellee.

Argued April 4, 1974 before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE KRAMER, filed May 29, 1974:

Clifford O. Waiters (claimant-appellee), a former policeman for the City of Philadelphia (appellant), was injured on August 6, 1969, when he fell while running to assist a fellow officer making an arrest.[1] He sustained injuries to his neck, right arm and knees as a result of this accident.

Claimant-appellee's case has been before the Philadelphia Civil Service Commission (Commission) twice. Shortly after the accident in question, claimant-appel-

---

[1] This is one of a package of 16 appeals from the Court of Common Pleas of Philadelphia County. All 16 cases are concerned with City of Philadelphia policemen, the Philadelphia Civil Service Commission, and Regulation 32 of the Philadelphia Civil Service Commission. Questions concerning the general procedural and substantive law to be applied in all 16 cases were dealt with in *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (No. 897 C.D. 1973 filed May 29, 1974). Our holdings in *Hays* on such general matters are equally applicable here.

lee was directed to return to duty. He filed an appeal to the Commission alleging that he was still temporarily disabled and unable to work. The Commission ordered a Medical Board of orthopedic specialists impaneled and on March 3, 1970 the Commission sustained claimant-appellee's appeal on the basis that two of the doctors impaneled recommended that claimant-appellee receive further medical treatment.

In August of 1970, the Chief of the Municipal Dispensary for appellant determined that claimant-appellee was permanently and partially disabled. Claimant-appellee's disability was diagnosed as "Functional Disability of Cervical Spine and Shoulders." After an administrative conference, the police department's Safety Officer recommended that claimant-appellee's permanent and partial disability diagnosed as a functional disability of the cervical spine and shoulders was not service connected. The Police Commissioner approved the Safety Officer's recommendation and claimant-appellee appealed to the Commission.

The Commission held two hearings; after which it ordered that claimant-appellee be examined by a psychiatrist. On July 13, 1971, the Commission denied claimant-appellee's appeal stating *inter alia*: "In view of the history of the case and appellant's request for further examination by an impartial Medical Board, the Commission ordered a psychiatrist to examine the appellant. The report of Anthony S. Tornay, M.D. was received by the Commission on June 21, 1971. Dr. Tornay concluded, 'His [appellant's] present physical disabilities and inability to work are psychologically based.'

"Having carefully considered all the evidence the Commission finds appellant has failed to demonstrate the service-connection of his disability by a fair preponderance of the evidence."

Claimant-appellee appealed to the Court of Common Pleas of Philadelphia County alleging in essence that he had requested the impaneling of orthopedic specialists, not a psychiatrist.

The lower court, on June 4, 1973, issued the following order: "While the Civil Service Commission was justified in view of Dr. Tornay's report to conclude that there was no neurological disorder, it did not have the right to conclude there was no orthopedic malfunctioning. Indeed, Dr. Tornay expressly stated he did not have the benefit of orthopedic surveys (which were available). This matter is returned to the Commission for an orthopedic examination and a consequent determination of whether appellant did or did not have an orthopedic involvement."

The threshold issue involved here is whether the lower court's order is interlocutory and as such unappealable. Generally, orders such as the lower court's remand are interlocutory and hence an appeal from them would be premature. *See Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973). There are of course rare exceptions to the general rule. *See City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. 632, 320 A. 2d 440 (No. 898 C.D. 1973, filed May 29, 1974). We have carefully reviewed the record in this case and conclude that the lower court's order is not so clearly erroneous as to warrant our making an exception to the general rule. We, of course, are not deciding the propriety of the remand, nor are we deciding the substantive merits of the case.

Therefore, we affirm the order of the lower court.