City of Philadelphia, Appellant, *v.* William J. Geiger, Appellee.

Argued April 4, 1974, before Judges KRAMER, WIL-KINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE KRAMER, filed May 29, 1974:

This is an appeal by the City of Philadelphia (appellant) from an order of the Court of Common Pleas of Philadelphia County reversing an order of the Philadelphia Civil Service Commission (Commission) which denied the claim of William J. Geiger (claimant-appellee) for benefits pursuant to Regulation 32 of the Commission.[1]

Claimant-appellee, while working as a policeman for the appellant, injured his lower back in May of 1965. He suffered a second on-duty injury to his back in November of 1966. The 1966 injury left claimant-appellee disabled until April, 1967. On November 12, 1970, claimant-appellee had an onset of severe back pain which has once again left him disabled and resulted in surgery.

Claimant-appellee filed a claim for benefits under Regulation 32 alleging that his current disability stemmed from his earlier on-duty injuries. An administrative conference was held, after which the police department's Safety Officer concluded that claimant-appellee's disability was nonservice connected. The Police Commissioner approved the Safety Officer's recommendation and denied the claim. Claimant-appellee appealed to the Commission, which in turn impaneled an impartial Medical Board composed of three orthopedists.

---

[1] This is one of a package of 16 appeals from the Court of Common Pleas of Philadelphia County. All 16 cases are concerned with the City of Philadelphia policemen, the Philadelphia Civil Service Commission, and Regulation 32 of the Philadelphia Civil Service Commission. Questions concerning the general procedural and substantive law to be applied in all 16 cases were dealt with in *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (No. 897 C.D. 1973, filed May 29, 1974). Our holdings in *Hays* on such general matters are equally applicable here.

After hearing and review of the medical reports submitted by the Medical Board, the Commission denied claimant-appellee's appeal. In its adjudication, it found: "The Commission ordered the impaneling of an impartial Medical Board to consider the possible causal relationships between appellant's injuries and his present disability. Of the three doctors appointed only John J. Dowling, M.D. dealt with the question of the relationship between appellant's present disability and his on-duty injuries: 'The question as to whether his back trouble was actually initiated by the trauma in 1966 would be better settled in my mind if the fact of lower extremity radiation shortly thereafter could be definitely established. Thus, it might be wise to review his records at the Philadelphia General Hospital for 1966; if, indeed, he did have lower extremity radiation with, particularly, any neurologic findings, I think that the whole business would have to be considered dated from 1966. Otherwise, I would think that his present problem would have to be dated from the handball playing incident.'

"The Commission has obtained the record of treatment at Philadelphia General Hospital, and those records fail to reveal any evidence of lower extremity radiation following the injuries of January 28, 1965 [sic May 8, 1965] and November 5, 1966. In addition, Dr. Dowling's report indicates that appellant denied there was any radiation of pain into his extremities at that time."

Claimant-appellee appealed to the Court of Common Pleas, which reversed the Commission and sustained his appeal. The lower court based its action on a review of the Philadelphia General Hospital records which indicated that claimant-appellee, in fact, had suffered lower extremity radiation as a result of the earlier injuries. Our review of the hospital records leads us to concur with the lower court. The Commis-

sion obviously found Dr. Dowling's report credible, and therefore, its erroneous finding with respect to the hospital records constitutes reversible error. *Cf. City of Philadelphia v. Gaudreau*, 13 Pa. Commonwealth Ct. 584, 320 A. 2d 424 (No. 902 C.D. 1973, filed May 29, 1974). In addition, we should add that Dr. Joyce, another member of the impartial Medical Board, had concluded that "[w]e assuredly can historically date the etiology of his [claimant-appellee's] problem back to the injury of 1966." It is also of import to note that this is not a case wherein the Commission was called upon to resolve conflicting medical testimony proffered by the parties, but rather involves unrefuted medical reports submitted by an impartial panel of doctors at the Commission's request.

In summary, the Commission's action constituted an abuse of discretion and therefore, we affirm the order of the lower court.