City of Philadelphia, Appellant, *v.* William H. Lynch, Appellee.

Argued April 4, 1974 before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE KRAMER, filed May 29, 1974:

This is an appeal by the City of Philadelphia (appellant) from an order of the Court of Common Pleas of Philadelphia County remanding the appeal of William H. Lynch (claimant-appellee) to the Philadelphia Civil Service Commission (Commission).[1]

---

[1] This is one of a package of 16 appeals from the Court of Common Pleas of Philadelphia County. All 16 cases are concerned with City of Philadelphia policemen, the Philadelphia Civil Service Commission, and Regulation 32 of the Philadelphia Civil Service Commission. Questions concerning the general procedural and substantive law to be applied in all 16 cases were dealt with in *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 62, 320 A. 2d 406 (No. 897 C.D. 1973, filed May 29, 1974). Our holdings in *Hays* on such general matters are equally applicable here.

Claimant-appellee has sustained six service-connected injuries to his back and/or neck during his career as a policeman for appellant. The last of these was sustained on March 25, 1971, when his police vehicle was struck from the rear. On November 30, 1971, the Chief of the Municipal Dispensary determined that claimant-appellee was permanently and partially disabled; his disability was diagnosed as "cervical and lower back sprain with functional overlay." Claimant-appellee filed a claim for benefits under Regulation 32 of the Commission, alleging that the accident he suffered on March 25, 1971 was the cause of his permanent and partial disability. An administrative conference was held before the police department's Safety Officer; after which, the Safety Officer recommended that claimant-appellee's permanent and partial disability be determined to be nonservice connected. The Police Commissioner agreed and denied claimant-appellee's claim.

Claimant-appellee appealed to the Commission, which denied his appeal because he failed to prove that his disability was service-connected by a fair preponderance of the evidence. In reaching its conclusion, the Commission found *inter alia*: "The last [injury] occurred on March 25, 1971 when a radio patrol car in which appellant was riding was struck from the rear.

*"Since this incident appellant has not been able to perform active duty,* although he was able to perform limited duty until the department determined his disability non-service-connected.

"The permanent and partial disability diagnosis was based upon the opinions of physicians at Philadelphia General Hospital, particularly David Cottrell, M.D., an orthopedic consultant for the Compensation Clinic.

"Appellant submitted reports from a team of physicians, none of which indicate the existence of any ob-

jective findings. One of appellant's orthopedists stated appellant had an acute cervical spine strain and a somewhat more severe lumbosacral spine sprain, and was of the opinion appellant's neck had recovered but that 'he [appellant] still has some findings in the low back which I believe warrant some further low back physical therapy.' " (Emphasis added.)

Claimant-appellee appealed to the lower court which concluded that the Commission's findings with respect to the lack of objective findings in the medical reports submitted by claimant-appellee were erroneous. The lower court then remanded the matter to the Commission with directions to "impanel an impartial medical board of orthopedists and, if indicated, neurologists."

Generally, an order such as the lower court's remand in this case is interlocutory and hence an appeal therefrom would be premature. *See Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973). There are of course exceptions to this rule; however, our review of the record does not convince us that this case merits making such an exception.

While our conclusion precludes the necessity of reaching the substantive merits of the case and the propriety of the remand order, we must add that the Commission's findings of fact are inadequate and do not fulfill the requirements of Section 6 of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11306. As we noted in *City of Philadelphia v. Curtis,* 13 Pa. Commonwealth Ct. 607, 320 A. 2d 433 (No. 907 C.D. 1973, filed May 29, 1974), the Commission's findings should be clear, unambiguous, consistent and cover all material issues of fact. (See portion of Commission adjudication quoted above.) For example, in this case, it is rather difficult to perceive how the Commission ascertained that claimant-appellee had failed to show causation for the "cervical and

lower back sprain. . . ." The Commission found an on-duty accident and disability since that accident. It then, without any specific findings, concluded that the disability was not service-connected.

Therefore, we affirm the order of the lower court and the matter is remanded to the Commission.