City of Philadelphia, Appellant, *v.* Raymond Hays, Appellee.

Argued April 4, 1974, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *Nicholas Panarella, Jr.,* Assistant City Solicitor, *John*

*Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE BLATT, May 29, 1974:

This case is the first in a group of appeals, all filed in this Court by former police employees of the City of Philadelphia (City) and all claiming benefits under Regulation 32 of the Philadelphia Civil Service Commission (Commission). All were initially refused by the appointing authority and then by the Commission, but, on appeal to the Court of Common Pleas of Philadelphia County, all were either reversed with judgment entered for the claimant or remanded to the Commission for further hearing.

Regulation 32 was adopted by the Commission to provide benefits for disabled uniformed and non-uniformed employees of the City. Upon its adoption, it superseded any contrary statewide legislation insofar as any such legislation applied to City employees,[1] but, as the City points out, this regulation did not supersede the right of employees to seek workmen's compensation benefits, if they so desire. As a matter of fact, Section 32.09 of the regulation specifically makes provision for situations where disabled employees are receiving workmen's compensation benefits in addition to Regulation 32 benefits.

More pertinent to the issue at hand, Section 32.022 of the regulation defines "disability" as: "[A] physical or mental condition *caused by accident* or occupational disease, including heart and lung ailments, which is

---

[1] *Ebald v. Philadelphia,* 7 Pa. D.&C. 2d 179 (1956); *aff'd.,* 387 Pa. 407, 128 A.2d 352 (1956).

service-connected and prevents an employee from performing his regular duties. Disability does not include any condition which is self-inflicted or caused by another person for reasons personal to the employee and not because of his employment." (Emphasis added.)

Regulation 32 and Section 7-201 of the City Home Rule Charter, 351 Pa. Code §7.7-201, provide that decisions of the Commission shall be final, but this Court has determined that the appeal provisions of the Local Agency Law[2] are applicable to final orders of the Commission, and that they are, therefore, appealable to the Court of Common Pleas of Philadelphia County. *Harrington v. Philadelphia Civil Service Commission,* 4 Pa. Commonwealth Ct. 580, 287 A.2d 912 (1972).

Section 8 of the Local Agency Law, 53 P.S. §11308, which is applicable herein, provides the procedure for such appeals to the lower court as follows:

"(a) In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to local agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

"(b) In the event a full and complete record of the proceedings before the local agency was made, the court to which the appeal is taken shall hear the appeal without a jury on the record certified by the local agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of this act have been violated in the proceeding before the agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence. If the ad-

---

[2] Act of Dec. 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

judication is not affirmed, the court may set it aside or modify it, in whole, or in part, or may remand the proceeding to the local agency for further disposition in accordance with the order of the court."

An appeal from the lower court lies in this Court, and where, as here, the lower court took no additional evidence, our scope of review "is limited to a determination of whether the constitutional rights of the appellant were violated by the Commission, or that the Commission manifestly abused its discretion or committed an error of law." *Hockaday v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 389, 396, 304 A.2d 708, 712 (1973). In addition, of course, this Court can consider, as the court below was permitted to consider, whether or not findings of fact made by the Commission are supported by substantial evidence. If the lower court has taken no evidence, it is the Commission's decision which this Court then reviews.

While it is clear, therefore, that procedural questions regarding claims brought pursuant to Regulation 32 are determined by the provisions of the said regulation, the Home Rule Charter and the Local Agency Law, the question is presented here as to the applicability of cases decided under the Workmen's Compensation Act[3] to substantive or non-procedural questions arising under the said Regulation 32.

It is obvious, of course, that Regulation 32 resembles the Workmen's Compensation Act in many respects and, "like other legislative provisions which provide workmen's compensation for disabled employees is remedial and is to receive a liberal construction. . . ." *Curry v. Philadelphia Civil Service Commission,* 47 Pa. D.&C. 2d 222, 232 (1969). Moreover, because of the remedial nature of both Regulation 32 and the

----

[3] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Workmen's Compensation Act and their similarity of purpose, it would certainly seem logical to consider cases brought under Regulation 32 in the light of cases which have arisen previously involving similar substantive issues under the Workmen's Compensation Act.[4] We will hold, therefore, that the principles of law laid down by the courts in interpreting the Workmen's Compensation Act are applicable in the interpretation of similar provisions in Regulation 32.[5] The case at hand, we believe, affords an appropriate example of one in which such consideration should prevail.

Raymond Hays (claimant), whose appeal we now consider, was a police officer for the City on duty at a carnival on June 5, 1971, when he observed a group of juveniles causing a disturbance. He warned them to move on but they failed to do so, and he decided to make an arrest. As he moved toward them, however, they began to move away, and he followed at a "fast walk" in an attempt to overtake them. He increased his pace, felt a pain in his chest, stopped the chase and sat down. At the Temple University Hospital, where he was subsequently taken for treatment, it was determined that he was suffering from a heart ailment.[6] He returned to light duty on September 19, 1971.

When the claimant sought disability benefits pursuant to the provisions of Regulation 32, he first attended an administrative conference with a "Safety Officer" appointed by the Police Department, who, after considering the evidence presented by the claimant, determined that he was not eligible for benefits because his disability was not service-connected. On review,

---

[4] This Court has previously done so in *Harrington, supra.*

[5] The provisions of Regulation 32, the Home Rule Charter and the Local Agency Law must likewise be considered, of course, along with cases interpreting such provisions.

[6] The hospital summary listed it as: "Acute inferior myocardial infarction with atrial fibrillation and rapid ventricular response. Possible early congestive heart failure secondary to #1."

the Commissioner of Police supported this decision, and the claimant then appealed to the Commission. The Commission, after hearing, also found that the claimant had failed to prove his disability to be service-connected. On appeal, however, the Court of Common Pleas reversed and found in the claimant's favor. The City has now appealed to this Court.

The essential issues here are (1) whether or not the claimant became disabled as the result of an accident and (2) whether or not such accident was service-connected.

The argument has been raised that the claimant suffered an accident as a result of the unusual exertion involved in his chasing of the juveniles. "A heart attack is an injury, but it is not an accident, although it may be the result of an accident either by a direct or an indirect trauma or by an unusual exertion." *Baur v. Mesta Machine Company,* 195 Pa. Superior Ct. 22, 26, 168 A. 2d 591, 593 (1961), *rev'd. on other grounds,* 405 Pa. 617, 176 A. 2d 684 (1961). For the claimant to establish[7] that his heart attack came as the result of an accident as defined by this doctrine, he must show that what he did constituted an unusual exertion as determined on the basis of his individual work history. *See Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A. 2d 601 (1969). The fact that chasing criminals might well be a normal function for the claimant, of course, would not prevent him from proving that his particular action was in some manner abnormal and thus constituted an unusual exertion.[8] Here, however, the claimant has

---

[7] Although the burden of proof in most civil service commission dismissal cases rests upon the appointing authority, we believe that the burden of establishing eligibility for disability payments under Regulation 32 is more reasonably placed upon the claimant, as it is in workmen's compensation cases.

[8] *Gaughan v. Commonwealth,* 208 Pa. Superior Ct. 406, 222 A.2d 446 (1966) ; *Nelson v. Borough of Greenville,* 181 Pa. Superior

failed to present any evidence whatsoever which would shed any light either on his individual work history or on the unusualness of the chase in question. Because of this total lack of evidence on the issue concerned, therefore, we must hold that he has failed to establish that he suffered an accident as the result of an unusual exertion. *Hilt v. Roslyn Volunteer Fire Company*, 445 Pa. 149, 281 A. 2d 873 (1971); *Bonaduce v. Transcontinental Gas Pipe Line Corporation*, 190 Pa. Superior Ct. 319, 154 A. 2d 298 (1959).

The claimant has also argued that the incident in question constituted an accident pursuant to the unusual pathological result doctrine. *See Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972). We must note, however, that there was some medical evidence which indicated that the claimant was suffering from a preexisting heart disease, and, in fact, the Commission based its denial of benefits in part on its finding of the 'degenerative nature of the claimant's condition." The unusual pathological result doctrine cannot be applied, of course, where a preexisting weakness or disease is causally connected to the injury suffered. *Yuhas v. Bethlehem Steel Corporation*, 8 Pa. Commonwealth Ct. 302, 303 A. 2d 266 (1973). Moreover, even if there was no preexisting condition, we would doubt that the claimant's heart condition here could be attributed to an accident under this doctrine, for there was no evidence introduced of a physical injury or physical change, which is a prerequisite to application of the unusual pathological result doctrine.[9] *New Standard Corporation v. Work-*

Ct. 488, 124 A.2d 675 (1956); *DeEsch v. Emmaus Borough*, 143 Pa. Superior Ct. 225, 18 A.2d 89 (1941).

[9] We note without comment that our Superior Court has stated that the "unusual pathological result doctrine . . . has never been applied in heart cases." *McGowan v. Upper Darby Pet Supply*, 207 Pa. Superior Ct. 329, 333, 217 A.2d 846, 848 (1966).

*men's Compensation Appeal Board and Miller,* 9 Pa. Commonwealth Ct. 494, 309 A. 2d 60 (1973).

We also note even though we need not consider it in depth, that there is serious question as to whether or not the claimant here has introduced sufficient unequivocal medical evidence to establish causation. *See Bonaduce, supra.* The burden was clearly his to establish this element by competent evidence, and, without having proved causation, there is little if any possibility that he could establish the service-connected nature of his disability.

The claimant argued, too, that the Commission is not an independent tribunal, and it might be true that the proceedings within the Police Department are not truly independent, as would be expected. The Commission's procedures, however, provide a reasonable review of such processes, and the claimant here has failed to show that Commission procedures deprived him in any way of his right to due process of law.

The claimant also argues that his right to a fair and unbiased adjudication was jeopardized by reason of the fact that the City Solicitor appoints attorneys for both the Commission and the appointing authority. Again, we cannot agree. Every administrative tribunal, of course, must act to prevent even the appearance of bias or the denial of the due process of law. But every factual situation calls for a separate determination, and here, unlike the situation in *Donnon v. Downingtown Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A. 2d 92 (1971), one lawyer did not represent both the Commission and the appointing authority and separate counsel were assigned. Moreover, there was sufficient insulation between the participating attorneys in this case, even though they were admittedly appointed by the same official, to prevent any appearance of bias.

The claimant argues further that the Commission's adjudication is deficient because it fails to list specific findings of fact. Section 6 of the Local Agency Law, 53 P.S. §11306 does, of course, require that the Commission's adjudication contain findings of fact, but these findings may be included in the body of the adjudication if desired and need not necessarily be numerically listed, although listing is clearly preferable. Here the Commission actually has made sufficient findings for the purpose of our review, but, if it had not, we could and would have remanded the case for more specific findings.

Lastly, the claimant has filed a motion to quash this appeal on the ground that it was brought by the Commission, a body which has no standing as an appellant. This argument might have some merit if it were supported by the record, but an inspection of the appeal itself clearly shows that it was entered on behalf of the City, unquestionably a proper party.

For the above reasons, therefore, we must reverse the order of the court below and reinstate the order of the Commission denying disability benefits to Raymond Hays.