Peter Ricciuti, Appellant, *v.* City of Philadelphia Civil Service Commission, Appellee.

Argued October 10, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Gilbert E. Toll,* with him *Benjamin A. Katz,* for appellant.

*Louis F. Hinman,* with him *Wanda P. Chocallo,* Assistant City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, December 10, 1974:

Peter Ricciuti (Ricciuti) had been employed as a maintenance mechanic at the Philadelphia Youth Study Center (Center) for almost fourteen years when, on February 13, 1970, he suffered an injury to his heart (coronary insufficiency) while in the course of his employment. He was admitted to Philadelphia General Hospital where he remained for almost four weeks, and thereafter did not return to his job at the Center.

On April 10, 1970, Ricciuti's application for disability benefits under Regulation 32 of the Philadelphia Civil Service Commission (Commission) was denied by the Executive Director of the Center on the basis that Ricciuti's disability was not service-connected. Ricciuti's subsequent appeal of this determination to the Commission was denied after a hearing, but further appeal to the Court of Common Pleas of Philadelphia County resulted in the case being remanded to the Commission. The Commission then held a second hearing, and on October 21, 1971, reaffirmed its previous determination. Ricciuti again appealed to the lower court, but this time the Court affirmed the Commission. Ricciuti then filed this appeal.

Initially, we mention that the Commission has filed a motion to quash Ricciuti's appeal from the order of the lower court on the grounds that it was not timely filed. Our careful consideration of this question convinces us that the Commission's motion should be denied.

Our scope of review in this type of case, where, as here, the lower court took no additional evidence, is limited to a determination of whether constitutional rights were violated, an abuse of discretion or error of law was committed or any necessary finding of fact made by the Commission was not supported by substantial evidence. *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). We also

held in *Hays* that the principles of law established by the courts in interpreting The Pennsylvania Workmen's Compensation Act[1] are applicable in the interpretation of the similar provisions of Regulation 32. With these thoughts in mind, we now discuss the issue presented by this appeal.

The narrow question presented here is whether or not Ricciuti suffered a "compensable accident" within the meaning of The Pennsylvania Workmen's Compensation Act. Ricciuti argues that he suffered an accident under the "unusual exertion" doctrine. *See Hinkle v. H. J. Heinz Co.*, 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972). It is true that a heart attack, while not itself an accident, may be the result of an accident either by a direct or an indirect trauma, or by an unusual exertion. *Hays, supra.* However, for a claimant to establish that his heart attack[2] came as a result of an accident under the unusual exertion doctrine, he must show that what he did constituted an unusual exertion on the basis of his individual work history. *See Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969) and *Hays, supra.* This is what Ricciuti failed to show.

Ricciuti testified that his injury surfaced immediately after his strenuous efforts to avert an overflowing of water from some boiler tanks. While he termed this incident an "emergency," he admitted that such emergencies were not unusual to his work history when he stated: "Well, we have all kinds of different jobs. We have emergencies, we have to go. While we are working on one emergency, we have to go down and get the water tanks." He also stated, in answer to a question

[1] Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §1 et seq.

[2] There is some question whether Ricciuti's heart injury was a "heart attack" as this term is generally defined. We assume it was for purposes of this opinion.

posed by his counsel, that working on the water tanks was part of his duties and responsibilities.

The above facts compel the conclusion that Ricciuti failed to show that his efforts on the day of his injury were in any way unusual from his normal routine at the Center. We reiterate what we stated in *Panther Valley School District v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 178, 318 A. 2d 403 (1974) : "An accident may not be inferred from the fact that an employe sustains a heart attack as a result of exertion necessary for the performance of his usual duties. Billick v. Republic Steel Corporation, 214 Pa. Superior Ct. 267, 257 A. 2d 589 (1969). The doing of an occasional act involving sustained muscular effort may be part of the usual duties of a workman and, though the work is hard, if it is, as here, of the same kind and quantity and done in the same manner as it has been performed in the past, disability resulting from the exertion does not constitute an accident. McGowan v. Upper Darby Pet Supply, 207 Pa. Superior Ct. 329, 217 A. 2d 846 (1966)."

Order affirmed.