JAMES A. McDONNELL, JR. AND JACQUELINE E. McDONNELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonnell v. Commissioner
Docket No. 41514-85.
United States Tax Court
T.C. Memo 1987-541; 1987 Tax Ct. Memo LEXIS 533; 54 T.C.M. (CCH) 961; T.C.M. (RIA) 87541; October 22, 1987. James A. McDonnell, Jr., pro se. J. Leon Peace, Jr., for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 1,440 in petitioners' Federal income tax for the taxable year ended December 31, 1982. The sole issue for decision is whether petitioners are entitled to exclude $ 6,654 on the ground that such sum qualifies as workmen's compensation under section 104. [1]
This case was submitted fully stipulated. The stipulation of facts and accompanying exhibits are incorporated herein. *534 During 1982, petitioner, James A. McDonnell, Jr. (hereinafter "petitioner") was employed as a police officer by the City of Philadelphia. [2]
Petitioner claims that, on December 4, 1981, he injured his right shoulder in the course of his employment and that, on May 28, 1982, he reinjured that shoulder while on duty. On July 27, 1982, petitioner received a referral to the City of Philadelphia Compensation Clinic with respect to the latter claim. Petitioner was examined by Compensation Clinic physicians and was ordered to return to active duty on July 27, 1982. Petitioner immediately filed an appeal to the Philadelphia Civil Service Commission. Petitioner was absent from work from July 23, 1982 through June 24, 1983. The pertinent portion of the disposition of petitioner's appeal by the Philadelphia Civil Service Commission on March 2, 1983, reads as follows: The medical evidence herein indicates appellant went to the Compensation Clinic July 27, 1982 complaining *535 of right shoulder pain, which he related to the on-duty episode of May 28, 1982. Appellant was examined, medication and hot packs were prescribed, and he was continued on active duty with instructions to return to the clinic in three weeks. Appellant was obviously dissatisfied with this approach and elected to seek the opinion and advice of an outside physician: one who was in no way connected with the City Compensation Medical service. Approximately two months later, on September 19, 1982, appellant was examined and treated by Dr. Nixon for the shoulder joint rupture or tear. The Commission cannot unequivocally relate the tear diagnosed in September, 1982 to the on-duty incidents of December, 1981 and May, 1982. There is no clear medical evidence linking appellant's condition to the earlier injuries. The law requires that medical evidence associated with any claims involving questionable cause and result be clear and unequivocal. In this case such clear, unequivocal evidence is absent. Accordingly, this appeal is denied. We so certify to the Personnel Director and the appropriate authorities. From July 27, 1982 through December 31, 1982, petitioner was placed on sick *536 leave status by the Philadelphia Police Department. After the Philadelphia Civil Service Commission rendered its decision, petitioner was required to, and did, reimburse the city of Philadelphia for overpayments of wages for that portion of the sick leave which was in excess of that to which he was entitled. Form W-2 shows that petitioner received $ 28,788.80 from the City of Philadelphia. Of this amount only $ 22,135 was shown as "wages, salaries, tips, etc." on the 1982 tax return, the $ 6,654 balance being excluded as "W.C." Section 104(a) excludes from gross income "amounts received under workmen's compensation acts as compensation for personal injuries." Section 1.104-1(b), Income Tax Regs., provides that such amounts may also be received "under a statute in the nature of a workmen's compensation act." In either case, the injury or sickness for which such amounts are paid must be shown to have been incurred in the course of employment. See Take v Commissioner,82 T.C. 630, 634 (1984), affd. 804 F.2d 553 (9th Cir. 1986); section 1.104-1(a), Income Tax Regs. The burden is on petitioners to prove that the conditions underlying their claim of *537 excludibility meets the foregoing requirements. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The fact that this case was fully stipulated does not relieve them of that burden. Service Bolt & Nut Co. Trust v Commissioner,78 T.C. 812, 819 (1982), affd. 724 F.2d 519 (6th Cir. 1983); Hallowell v. Commissioner,56 T.C. 600, 608 (1971); Rule 122(b). On the basis of the record before us, we are unable to conclude that petitioner suffered an injury in the course of his employment. The record contains no evidence as to the source of petitioner's injury other than the decision of the Philadelphia Civil Service Commission and that decision denied petitioner's claim for compensation for a service-connected injury. Moreover, the fact that petitioner reimbursed the city of Philadelphia for excess sick leave payments is a further indication of lack of connection between the payments at issue herein and such an injury. We hold that petitioners have failed to carry their burden of proof that the amount which they excluded was as the result of a service-connected injury. [3]
*538 In view of our holding, we have no need to address the question as to whether the regulation of the Philadelphia Civil Service Commission constituted a statute in the nature of a workmen's compensation act. Rutter v. Commissioner,760 F.2d 466 (2d Cir. 1985), affg. per curiam a Memorandum Opinion of this Court; Dyer v. Commissioner,71 T.C. 560 (1979). See Ebald v. City of Philadelphia,387 Pa. 407, 128 A.2d 352 (1957); City of Philadelphia v. Hays,13 Pa. Commw. 621, 320 A.2d 406, 408 (1974). Decision will be entered for the respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code, as amended during the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioner Jacqueline McDonnell is a party to this proceeding solely because she filed a joint return for 1982 with James A. McDonnell, Jr. That return showed an address in Philadelphia, Pennsylvania. ↩
3. Petitioners were given an opportunity to file a brief, in which they might have provided some illumination as to the basis of their claimed exclusion but they failed to do so. ↩