539 A.2d 925

Tredyffrin Township, Chester County, Pennsylvania, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued February 26, 1988, before Judge COLINS, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James W. Gerlach,* with him, *William H. Lamb,* for petitioner.

*John J. Gallagher,* Assistant Counsel, with him, *John B. Wilson,* Deputy Chief Counsel, *Daniel P. Delaney,* Chief Counsel, for respondent.

*Stephen F. J. Martin,* for Department of Transportation.

*James F. Kilcur,* with him, *G. Roger Bowers, Eugene N. Cipriani, Raymond J. Porreca, Jr.,* for intervenor, Southeastern Pennsylvania Transportation Authority.

*Harold K. Cohen,* for National Railroad Passenger Corporation.

OPINION BY JUDGE COLINS, March 31, 1988:

Tredyffrin Township (Township) petitions for review of an order of the Pennsylvania Public Utility Commission (Commission) dated March 2, 1987, ratifying its Order of January 29, 1987, wherein it adopted certain findings of facts and determinations made by Administrative Law Judge (ALJ) FOUNTAIN.

On October 17, 1966, the Commission, on its own motion, instituted an investigation into the condition of

the highway railroad crossing located on Valley Road, a state highway, in the Township. This crossing passes over four railroad tracks owned by the National Railroad Passenger Corporation (Amtrak). These tracks carry rail traffic for Amtrak, the Southeastern Pennsylvania Transportation Authority (SEPTA) and Consolidated Rail Corporation (Conrail).

The Commission entered an Order on December 12, 1979, directing that the Pennsylvania Department of Transportation (DOT) prepare and submit a plan for the redevelopment of the crossing. The plans were submitted to the Commission and thereafter approved on June 18, 1982. DOT completed the work on this project on October 20, 1983 and a final inspection was made on December 1, 1983. On August 8, 1985, DOT submitted a detailed statement of the actual costs it had incurred in completing the project and requested that a hearing be held for the purpose of considering the allocation of costs and assignment of future maintenance responsibilities of the project. A hearing was held on November 13, 1985, at which testimony was presented before ALJ FOUNTAIN.

At its public meeting of January 22, 1987, the Commission adopted the findings of fact and determinations made by ALJ FOUNTAIN. Thereafter, on January 29, 1987, the Commission entered an order adopting these findings.[1] The Township raises three issues on appeal.

---

[1] We note that the Commission entered a further order on March 2, 1987, ratifying its actions taken at its public meeting of January 22, 1987. The Commission had made a time change in that particular public meeting as a result of inclement weather and therefore technically failed to comply with Section 9(a) of the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §279(a). Therefore, the Commission felt it necessary to issue the March 2, 1987, Order ratifying its actions. The Township now challenges the January 29, 1987 Order of the Commission, as ratified by the March 2, 1987 Order.

Initially, the Township argues that the Order of the Commission is not supported by substantial evidence. Secondly, the Township contends that the Commission's allocation of responsibility for costs, expenses and maintenance of the crossing is unjust and unreasonable. Finally, the Township submits that the Commission's Order entered on January 29, 1987 did not contain all findings of facts necessary to support the determinations and conclusions therein. We shall address these issues *seriatim.*

Our scope of review is limited to determining whether the Order of the Commission violates the Township's constitutional rights, involves an error of law or is unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *See also Erie Lackawanna Railway Company v. Pennsylvania Public Utility Commission,* 2 Pa. Commonwealth Ct. 396, 278 A.2d 188 (1971). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Our review of the record under the substantial evidence standard dictates that we conclude that the January 29, 1987 Order of the Commission was supported by substantial evidence. In this Order, the Commission concluded:

> [w]e determine that since the sidewalks will be used by pedestrians and since Tredyffrin Township apparently maintains adjacent sidewalks and curbs beyond the limit of new construction, we will assign the responsibility for maintenance of curbs and sidewalks constructed under this crossing improvement program to Tredyffrin Township.

The Commission went on to direct:

> 11. [t]hat Tredyffrin Township, at its sole cost and expense, furnish all material and perform all

work necessary to maintain the curbs and side-walks constructed in accordance with the Commission order adopted November 21, 1979 and to keep the sidewalks free of snow, ice and debris for the full length of the project, including the sidewalk for the length of the bridge.

The Township contends that there was no explicit testimony presented at the hearing concerning the maintenance by the Township of adjacent sidewalks or curbs and that, therefore, the Commission could not issue its directive absent such evidence. We conclude that the Commission in this matter could have reasonably concluded from the evidence presented that the Township maintains the sidewalks and curbs within its bounds. Moreover, the Commission based its decision to allocate costs to the Township on its additional conclusion that the bridge would be used for pedestrian traffic. Our review of the record indicates that there was substantial evidence presented to indicate that the bridge was used by pedestrians. Therefore, we are constrained to conclude that the Commission's determination was founded upon substantial evidence.

The second issue raised by the Township concerns the reasonableness of the allocation of the costs, expenses and maintenance of the railway crossing to the Township.[2] All factors considered, the Order of the

---

[2] Section 2702(b) of the Public Utility Code, 66 Pa. C. S. §2702(b), vests the Commission with the exclusive power to make such allocation. It provides in pertinent part:

(b) *Acquisition of property and regulation of crossing.*—The commission is hereby vested with exclusive power to appropriate property for any such crossing, . . . and to determine and prescribe, by regulation or order, the points at which, and the manner in which, such crossing may be constructed, altered, relocated, suspended or abolished, and the manner and conditions in or under which such crossings shall be maintained, operated, and protected to effectuate the prevention of accidents and the promotion of the safety of the public.

Commission was just and reasonable in allocating minimal responsibility to the Township for the cost, expense and maintenance of the sidewalks and curbs, including the removal of snow, ice and debris off of the sidewalk for the length of the project.

In apportioning costs in highway-rail crossing cases, the Commission is not limited to any fixed rate but takes all relevant factors into consideration, with the fundamental requirement being that its order be just and reasonable. *See Department of Transportation v. Pennsylvania Public Utility Commission,* 79 Pa. Commonwealth Ct. 266, 469 A.2d 1149 (1983). The majority of the costs associated with replacement and repair of this crossing were allocated to parties other than the Township. The only costs which were to be borne by the Township involved those related to the maintenance and clearing of the sidewalks adjacent to and for the length of the bridge. The Commission considered the fact that the Township will benefit from the use of the crossing for both pedestrian and vehicular traffic. Therefore, we must conclude that the decision of the Commission to allocate minimal costs to the Township was not unreasonable or unjust.[3]

Finally, the Township contends that the Order of the Commission does not contain all findings of fact necessary to support the conclusions and determinations therein. We disagree. The Township argues that the Commission failed to include any finding of fact relative to the Township's use of, benefit from or interest in the

---

[3] The Township contends that the Commission erred in its failure to allocate costs to Chester County, whose witness likewise testified that County residents use the crossing. As noted above, we have concluded that the Commission's order was based upon substantial evidence and was not unjust or unreasonable. That is all that is required. Having so determined, the limits of our review do not permit us to overturn the Order of the Commission.

crossing project. In its order, the Commission enumerated sixteen findings of fact. Immediately thereafter, the Commission noted:

> [u]pon full consideration of the aforesaid findings, we determine that the only matters that must be resolved are those of responsibility for maintenance of the curbs and sidewalks on the highway approaches to the crossing, the responsibility for maintenance of the stairway from the bridge to the station platform, the allocation of costs incurred by National Railrod (sic) Passenger Corporation, the allocation of costs of maintenance of the structure and the costs for alteration and/or relocation of Philadelphia Electric Company's facilities.

The Commission then went on, in six un-numbered paragraphs, to resolve these remaining matters. The first of these paragraphs contained the Commission's determination that the Township would be assigned responsibility for maintenance of the sidewalk and curbs. We hold that this determination made by the Commission, although not enumerated as a finding of fact, is the equivalent of such.[4] Therefore, the Township's allegation of the inadequacy of the findings of fact is without merit.

In sum, we conclude that the Order of the Commission was based upon substantial evidence, was just and reasonable and contained all necessary findings of fact to support the Commission's conclusions. Accordingly, the Order of the Commission is hereby affirmed.

---

[4] This Court has held that "findings may be included in the body of the adjudication if desired and need not necessarily be numerically listed, although listing is clearly preferable," *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 630, 320 A.2d 406, 411 (1974).

## Order

And Now, this 31st day of March, 1988, the Order of the Pennsylvania Public Utility Commission in the above-captioned matter, dated January 29, 1987, as ratified by the Order of March 2, 1987, is affirmed.